IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>2015 DODGE RAM 3500 TRUCK, VIN 3C6URVJG5FES12061, 44,846.80 CARTONS OF ASSORTED BRAND CIGARETTES, ASSORTED SAMPLES OF ASSORTED CARTONS OF CIGARETTES, CROWN FORK-LIFT, RR S200 SERIES, SERIAL NUMBER 1A268808, and 52,843 CARTONS OF ASSORTED BRAND CIGARETTES,<br><br>    Defendants. | Civil No. 4:18CV-3097<br><br>**COMPLAINT FOR FORFEITURE *IN REM*** |

COMES NOW the Plaintiff, United States of America, and for its cause of action against the Defendants, states and alleges as follows:

### Nature of the Action

1.  This is an action to forfeit property to the United States pursuant to 18 U.S.C. §§ 981(a)(1)(c), 1956(c)(7) and 2344(c).

### The Defendants *In Rem*

2.  The Defendant property consists of:

    (1) 2015 Dodge Ram 3500 truck, VIN 3C6URVJG5FES12061,

    (2) 44,846.80 cartons of assorted brand cigarettes,

    (3) assorted samples of assorted cartons of cigarettes,

    (4) Crown fork-lift, RR S200 series, serial number 1A268808, and

    (5) 52,843 cartons of assorted brand cigarettes.

3. These items were seized January 30, 2018, through January 31, 2018, from the Winnebago Reservation in Nebraska. The U.S. Marshals Service in Omaha, Nebraska has custody of the Defendant vehicles; the Bureau of Alcohol, Tobacco, Firearms and Explosives in Omaha, Nebraska has custody of the Defendant cigarettes.

### Jurisdiction and Venue

4. This Court has subject matter jurisdiction over an action commenced by the United States under 28 U.S.C. §§ 1345 and 1355, and under 18 U.S.C. § 2344(c).

5. This Court has *in rem* jurisdiction over the Defendant property pursuant to 28 U.S.C. § 1355(b)(1)(A) because acts or omissions giving rise to the forfeiture occurred in this District.

6. Venue is proper in this District pursuant to 28 U.S.C. §§ 1355(b)(1)(A) and 1395, in that Defendant property was seized within this judicial District.

### Basis for the Forfeiture

7. The Defendants 44,846.80 cartons of assorted brand cigarettes, and the assorted samples of assorted cartons of cigarettes, are subject to seizure and forfeiture pursuant to 18 U.S.C. §§ 981(a)(1)(C) and 2344(c) because they are contraband as that term is defined in the Contraband Cigarette Trafficking Act, 18 U.S.C. § 2341(c)(2). These cigarettes are also subject to forfeiture because they are proceeds from violations of 18 U.S.C. §§ 1343, 2342, and 2343.

8. The Defendant 2015 Dodge Ram truck, VIN 3C6URVJG5FES12061, and the Defendant 52,843 cartons of assorted brand cigarettes are subject to seizure and forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) as properties which constitute or are derived from proceeds from violations of 18 U.S.C. §§ 1343, 2342, and 2343.

9. The Defendant Crown fork-lift, RR S200 series, serial number 1A268808, is subject to seizure and forfeiture in violation of the Contraband Cigarette Trafficking Act as a conveyance for the transportation of cigarettes under 49 U.S.C. §§ 80302 and 80303.

10. Title 15, U.S.C., section 375 *et seq.*, commonly referred to as the Prevent All Cigarette Trafficking Act, applies to all persons who sell cigarettes or advertise the sale of cigarettes in interstate commerce.

11. 15 U.S.C. § 376(a)(1)-(3) provides

> Any person who sells, transfers, or ships for profit cigarettes or smokeless tobacco in interstate commerce, whereby such cigarettes or smokeless tobacco are shipped into a State, locality, or Indian country of an Indian tribe taxing the sale or use of cigarettes or smokeless tobacco or who advertises or offers cigarettes or smokeless tobacco for such sale, transfer, or shipment, shall—
>
> (1) first file with the Attorney General of the United States and with the tobacco tax administrators of the State and place into which such shipment is made or in which such advertisement or offer is disseminated a statement setting forth his name and trade name (if any), and the address of his principal place of business and of any other place of business, as well as telephone numbers for each place of business, a principal electronic mail address, any website addresses, and the name, address, and telephone number of an agent in the State authorized to accept service on behalf of the person;
>
> (2) not later than the 10th day of each calendar month, file with the tobacco tax administrator of the State into which such shipment is made, a memorandum or a copy of the invoice covering each and every shipment of cigarettes or smokeless tobacco made during the previous calendar month into such State; the memorandum or invoice in each case to include the name and address of the person to whom the shipment was made, the brand, the quantity thereof, and the name, address, and phone number of the person delivering the shipment to the recipient on behalf of the delivery seller, with all invoice or memoranda information relating to specific customers to be organized by city or town and by zip code; and
>
> (3) with respect to each memorandum or invoice filed with a State under paragraph (2), also file copies of the memorandum or invoice with the tobacco tax administrators and chief law enforcement officers of the local governments and Indian tribes operating within the borders of the State that apply their own local or tribal taxes on cigarettes or smokeless tobacco.

12. The Contraband Cigarette Trafficking Act ("CCTA"), at 18 U.S.C. § 2341(7), defines contraband cigarettes as 10,000 or more cigarettes in a State that requires a tax stamp on cigarettes. Nebraska and forty-six other states require a tax stamp on cigarettes. The record-keeping provisions of the CCTA, 18 U.S.C. § 2343(a) require any person who ships more than 10,000 cigarettes to:

- a) Any person who ships, sells, or distributes any quantity of cigarettes in excess of 10,000, or any quantity of smokeless tobacco in excess of 500 single-unit consumer-sized cans or packages, in a single transaction shall maintain such information about the shipment, receipt, sale, and distribution of cigarettes as the Attorney General may prescribe by rule or regulation. The Attorney General may require such person to keep such information as the Attorney General considers appropriate for purposes of enforcement of this chapter [18 USCS §§ 2341 et seq.], including—

    (1) the name, address, destination (including street address), vehicle license number, driver's license number, signature of the person receiving such cigarettes, and the name of the purchaser;

    (2) a declaration of the specific purpose of the receipt (personal use, resale, or delivery to another); and

    (3) a declaration of the name and address of the recipient's principal in all cases when the recipient is acting as an agent.

Such information shall be contained on business records kept in the normal course of business.

13. The recording-keeping provisions of the CCTA provide further in 18 U.S.C. § 2343(c) that:

(c)(1) Any officer of the Bureau of Alcohol, Tobacco, Firearms, and Explosives may, during normal business hours, enter the premises of any person described in subsection (a) or (b) for the purposes of inspecting—

   (A) any records or information required to be maintained by the person under this chapter or

   (B) Any cigarettes or smokeless tobacco kept or stored by the person at the premises.

4

14.   Under the Jenkins/Prevent All Cigarette Trafficking Pact Act (hereinafter "Jenkins/PACT Act"), 15 U.S.C. § 376(a), anyone who ships cigarettes into a State must register with that State and must file reports regarding all cigarettes shipped into that State. These reports aid the States in collecting State taxes. Failure to file Jenkins/PACT Act reports constitute material omissions which may provide the basis for violations of the wire/mail fraud statutes in schemes to defraud States of tax revenue. United States v. Maddux, 2015 U.S. Dist. LEXIS 135848 (E.D. Ky. 2015); United States v. 1.9 Million Cigarettes, 2003 U. S. District LEXIS 12603 (W.D.N.Y 2003); United States v. Contents of Accounts, 2010 U.S. Dist. LEXIS 60525 (W.D. Ky. 2010), aff'd 629 F.3d 601 (6th Cir. 2011); United States v. Melvin, 544 F. 2d 767 (5th Cir. 1977); United States v. Brewer, 528 F.2d 492 (4th Cir. 1975); see also United States v. Pasquantino, 544 U.S. 349 (2005) (wire fraud and money laundering statutes apply to schemes to defraud governments of taxes through failure to make required tax filings).

### Factual Basis

15.   In July 2016, the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") requested multiple times to inspect Rock River Manufacturing, Inc. and Ho-Chunk Distributing, Inc. ("HCID"). These companies refused to allow ATF to inspect them and failed to produce the all the required records of shipments of tobacco.

16.   Based on the experience of the ATF Special Agent who is the case agent of the investigation which led to the seizure of the Defendant properties, many companies who ship tax-free cigarettes to individuals who are not licensed by States to possess or distribute unstamped cigarettes fail to comply with the requirements of the Jenkins/PACT Act and the CCTA to further their criminal schemes.

17.     The mail fraud and wire fraud statutes provide it is illegal to use wire transmissions in interstate and foreign commerce to further a scheme to defraud. This includes mail and wire fraud schemes designed to deprive States of cigarette tax revenue including schemes involving mail and Internet sales companies who offer for sale tax-free cigarettes. See e.g., United States v. Brewer, 528 F.2d 492 (4th Cir. 1975) and United States v. Melvin, 544 F.2d 767 (5th Cir. 1977)(unreported interstate shipment of untaxed cigarettes designed to avoid State cigarette taxes violates mail fraud statute as well as Jenkins Act).

18.     Domestically-produced cigarettes are often shipped from the manufacturer or importer to licensed State stamping agents throughout the country. The federal excise tax (FET) on a pack of cigarettes, approximately $1.066 per pack, is paid by the manufacturer or importer when the cigarettes are removed from the place of manufacturing or the importer's bonded premises and shipped to the licensed State stamping agent who is authorized under State law to possess unstamped, i.e., untaxed, cigarettes. The stamping agent, acting under the authority from the individual states, is responsible for affixing a particular state's tax excise stamp, depending on where the cigarettes are to be shipped. This represents the state excise tax (SET). Each individual cigarette package will be stamped and the wholesaler stamping agent will be responsible for paying the appropriate destination SET on the pack of cigarettes. When the applicable state tax stamp is affixed to a package of cigarettes, it is an indicator to law enforcement and regulators of the industry the SET has been collected by the stamping agent and subsequently paid to the appropriate state where the cigarettes are destined. The cigarettes may thereafter be further distributed and a wholesaler or sold to the public by retailers, such as convenience stores, grocery stores and smoke shops. The price of the cigarettes sold by retailers to consumers includes the State taxes, which are passed on to and are paid by the consumers.

19. HCID is located on the Winnebago Indian reservation, in Nebraska. This business ships untaxed, unstamped cigarettes to businesses in multiple States. This business is able to obtain untaxed cigarettes from Rock River Manufacturing, 503 Ho-Chunk Plaza on the Winnebago, Reservation, since Rock River Manufacturing is a federally-licensed importer who imports untaxed cigarettes. HCID is not licensed as a stamping agent or wholesaler in the State of Nebraska and cannot lawfully possess or distribute unstamped cigarettes under Nebraska law. HCID receives unstamped cigarettes from Rock River Manufacturing and has repeatedly received, shipped and possessed on occasion more than 10,000 unstamped cigarettes in violation of the CCTA. HCID purchases cigarettes from Rock River Manufacturing with the proceeds from CCTA violations. Rock River Manufacturing then imports and purchases cigarettes from foreign distributors with the proceeds of these CCTA violations.

20. All fifty states levy taxes on cigarettes to raise revenue and to decrease smoking. Forty-seven states require tax stamps be placed on packages of cigarettes as *indicia* of tax payment. Those states also require any person who transports cigarettes into a state must be properly licensed by that state. Furthermore, most states mandate only licensed stamping agents may possess unstamped cigarettes.

21. HCID profits by using wire transmissions in interstate commerce by distributing tax-free cigarettes in a scheme to defraud the States of cigarette excise tax revenue.

22. HCID effectuates this scheme by failing to file required Jenkins/PACT Act reports with the states which prevents those states from collecting taxes and by failing to maintain and produce CCTA records which would allow ATF to ascertain the destination of the cigarettes and by refusing ATF its right of inspection.

23. HCID additionally effectuates this scheme by bringing cigarettes into the State of Nebraska without obtaining proper licenses and maintaining required Nebraska records. I know that HCID sells untaxed, unstamped cigarettes to businesses in Nebraska other States.

24. HCID also ships untaxed cigarettes into States without obtaining required licenses to persons who cannot lawfully possess unstamped, untaxed cigarettes in violation of the CCTA.

25. Rock River Manufacturing located on the Winnebago Reservation is licensed by the Treasury Department's Alcohol, Tobacco Tax and Trade Bureau to manufacture and import cigarettes. Rock River manufactures Silver Cloud and Fire Dancer Cigarettes and imports Seneca, Couture and other brands of cigarettes from Canada.

26. Rock River Manufacturing then transfers the unstamped untaxed cigarettes to HCID. HCID is not licensed by the State of Nebraska as a stamping agent and cannot lawfully possess unstamped cigarettes in the State of Nebraska. HCID also receives unstamped cigarettes from other Native American cigarette manufacturers including King Mountain and Smoking Joes.

27. HCID transfers these unstamped cigarettes to unlicensed distributors, who distribute these cigarettes in violation of the CCTA. These distributors then take these proceeds and purchase more cigarettes from HCID.

28. HCID distributes these untaxed, unstamped cigarettes throughout the United States without filing required Jenkisn/PACT Act reports to primarily Native American distributors in a scheme which defrauds various States out of millions of dollars which is effectuated through the use of wire transmissions including e-mails, text transmissions and electronic deposits of funds. HCID takes the proceeds of these schemes and purchases more cigarettes from either Rock River Manufacturing or other distributors which it then resells.

29. ATF attempted to inspect Ho-Chunk and HCID in 2016; they refused to allow the inspection. Instead, they filed a lawsuit claiming they did not have to maintain CCTA records and were not subject to inspection. The courts rejected these claims. Ho-Chunk v. Sessions, 2018 U.S. App. 18107 (D.C. Cir 2018).

### Claim for Relief

WHEREFORE, the Plaintiff, United States of America, prays the Defendant properties be proceeded against for forfeiture in accordance with the laws, regulations and rules of this Court; that due notice be given to all interested parties to appear and show cause why forfeiture should not be decreed; that the Defendant properties be condemned, as forfeited, to the United States of America and disposed of according to law and regulations; that the costs of this action be assessed against the Defendant properties; and for such other and further relief as this Court may deem just and equitable.

UNITED STATES OF AMERICA,
Plaintiff

JOSEPH P. KELLY
United States Attorney

By: s/ Nancy A. Svoboda
NANCY A. SVOBODA, #17429
Assistant U.S. Attorney
1620 Dodge Street, Suite 1400
Omaha, NE 68102-1506
Tel: (402) 661-3700
Fax: (402) 345-5724
E-mail: nancy.svoboda@usdoj.gov

## VERIFICATION

STATE OF NEBRASKA )
) ss.
COUNTY OF DOUGLAS )

Pursuant to Rule C(2), Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, Assistant United States Attorney for the District of Nebraska, Nancy A. Svoboda, being first duly sworn, deposes and states the facts set forth herein are true and correct according to the best of her knowledge and belief.

NANCY A. SVOBODA (#17429)
Assistant U.S. Attorney

Subscribed and sworn to before me this 18th day of July, 2018.



Notary Public

Pursuant to the rules of this Court, the United States of America hereby requests the trial of the above and foregoing action be held in Lincoln, Nebraska, and be calendared accordingly.

NANCY A. SVOBODA
Assistant U.S. Attorney

10